UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DISTRIBUTION SERVICES OF AMERICA, INC., <br><br> Plaintiff, <br><br> -against- <br><br> ALLSTATE INSURANCE COMPANY, <br><br> Defendant. | Civil Action No. 7:23-cv-04635 <br><br> **CONFIDENTIALITY STIPULATION AND ORDER** |

**IT IS HEREBY STIPULATED AND AGREED**, by and through the undersigned counsel for Plaintiff Distribution Services of America, Inc. ("DSA") and Allstate Insurance Company ("Allstate") (collectively, the "Parties"), subject to the approval of the Court, that this Stipulation and Order ("Stipulation") shall govern the handling of documents, testimony, exhibits, and any other information or material that any party (the "Producing Party") produces to or exchanges with, any other party (the "Receiving Party") in connection with discovery in this case (referred to as the "Disclosure Material"); and it is further **STIPULATED AND AGREED** that the terms of this Stipulation are as follows:

1. The scope is as follows:

    a. A Producing Party may designate its Disclosure Material as CONFIDENTIAL pursuant to Paragraphs 2 and 3 of this stipulation.

    b. Any party may designate as CONFIDENTIAL any Disclosure Material not so designated at the time of production.

    c. All Disclosure Material designated CONFIDENTIAL under this Order shall be called "Confidential Disclosure Material."

    d. The failure of a party to designate Disclosure Material as CONFIDENTIAL at the

      time of production shall not waive confidentiality, and a party who in good faith believes that Disclosure Material is entitled to CONFIDENTIAL designation under this Order may designate such Disclosure Material at a later time.

  e. Any Disclosure Material that a party lawfully obtains from a source other than a Producing Party through disclosure in this case shall not be subject to designation as CONFIDENTIAL under this Order.

2. As used herein:

  a. "Confidential Information" shall include any documents or testimony that a party reasonably believes not to be in the public domain and contains any trade secret or other confidential financial, business, research, development, technical, strategic, and/or personal information, the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or interests. Confidential Information shall not include information that: (a) is available to the public other than through a breach of this Stipulation or other duty of confidentiality; or (b) a Receiving Party (as defined below) can demonstrate was already known to the party at the time of disclosure and was not subject to conditions of confidentiality.

  b. "Receiving Party" shall mean a party to the above-captioned case (and any non-party authorized to receive Confidential Information under this Stipulation) receiving documents. If, after reviewing Disclosure Material, a receiving party does not concur in the designation by the Producing Party of the Disclosure Material as CONFIDENTIAL, counsel for that receiving party shall notify the other party in writing and state with particularity the reasons for its objection.

Counsel for the receiving and producing parties shall then make a good-faith attempt to resolve the matter. If counsel cannot reach an agreement, counsel for the receiving party shall file a motion with the Court for a determination. Any Disclosure Material that is the subject of such a dispute shall maintain the highest confidentiality status requested by a party and treatment under this Stipulation until the Court issues an Order determining the Disclosure Material's designation.

3. Confidential Disclosure Material shall be designated as such in the following manner:

   a. In the case of documents designated by a Producing Party, by affixing the Bates Stamp "CONFIDENTIAL" to each page being designated as containing Confidential Information, as the case may be, or by stating in a written notice to counsel for the Receiving Party (notice within the body of an e-mail being sufficient), the Bates numbers of the Disclosure Material that should be designated as Confidential.

   b. Testimony shall presumptively be treated as Confidential as defined in Paragraph 2(a) herein, and shall be subject to the restrictions of this Stipulation without the need for any party to affix the "CONFIDENTIAL" legend to any page of the transcript.

4. Confidential Disclosure Material, and any information derived therefrom, shall be used solely for the purposes of the above-captioned case, and shall not be used by the party to whom that Confidential Disclosure Material was produced for any other purpose, including, without limitation, any business or commercial or other litigation purpose; *provided, however*, that any party may use its own Confidential Disclosure Material for any purpose that it sees fit, and such use shall have no effect on any confidentiality or

other restriction that arises under this Stipulation.

5. Confidential Disclosure Material, and any information derived therefrom, may be disclosed, summarized, described, or otherwise communicated or made available, in whole or part, only to the following persons:

   a. personnel of the Parties actually engaged in assisting with the above-captioned case and who have been advised of their obligations hereunder;

   b. in-house counsel for the Parties (including outside attorneys acting in the capacity of an in-house counsel) and staff and supporting personnel of such attorneys;

   c. outside attorneys who represent the Parties in this case and whose law firm has entered an appearance herein, and regular and temporary employees of such counsel assisting in the conduct of this case;

   d. a document's author, its addressee, and/or any other person indicated on the face of the document as having received a copy of that version of the document;

   e. subject to Paragraph 6, experts or consultants assisting counsel for the Parties;

   f. subject to Paragraph 6, third-party witnesses and their counsel, during the course of and—to the extent necessary—in preparation for testimony in this case;

   g. the Parties and the directors, officers, and employees of the Parties, or of any parent or subsidiary or affiliate thereof who appear as witnesses;

   h. stenographers employed in connection with this case, and photocopy services retained by counsel; and

   i. any other person only upon order of the Court or upon stipulation of the Producing Party or the party otherwise designating the relevant Disclosure Material as CONFIDENTIAL.

6. Confidential Disclosure Material may be provided to persons listed in Paragraphs 5(e)-(f) (i.e., experts, consultants, and third-party witnesses) only upon their signing an undertaking in the form attached as Exhibit A hereto (an "Undertaking") and, in the case of an expert or consultant, only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the above-captioned case. All counsel shall maintain copies of any executed Undertakings they obtain pursuant to this Paragraph 6 until one (1) year after the termination of this case. If any witness listed in Paragraph 5(e)-(f) refuses to sign an Undertaking, any party may apply to the Court, upon reasonable notice and subject to the right of any person to object to the application, for an Order requiring the witness to abide by the terms of the Undertaking, as if signed by the witness, and for relief from the obligation of the witness to sign the Undertaking as a prior condition to the witness being given Confidential Disclosure Material.

7. The Parties may file Confidential Disclosure Material with the Court. If any Confidential Disclosure Material is described, characterized, excerpted, or attached to any document, including briefs, and submitted to the Court, such Confidential Disclosure Material shall not lose its confidential status under this Stipulation.

8. Inadvertent Disclosure:

    a. The inadvertent production or disclosure of any Disclosure Material protected by the attorney-client privilege, the work-product doctrine, or any other applicable legal privilege shall not constitute a waiver or impairment of any claims of such privilege or protection.

    b. In the event that a Producing Party inadvertently produces or discloses privileged

      Disclosure Material, the Producing Party may provide a written notice to the Parties who received such privileged Disclosure Material that it has been inadvertently produced or disclosed. Any party who received such privileged Disclosure Material shall promptly either return all such Disclosure Material to counsel for the Producing Party or destroy all such Disclosure Material and certify that fact in writing to counsel for the Producing Party. Return or destruction of such Disclosure Material shall not constitute a concession or admission that such Disclosure Material is entitled to any legal privilege or protection from disclosure.

    c. Any party that receives and reviews Disclosure Material that on its face appears to be subject to a legal privilege or protection from disclosure shall provide prompt notice of the disclosure to the Producing Party and afford the Producing Party the opportunity to designate the Disclosure Material as inadvertently produced privileged Disclosure Material or to clawback such materials.

9. If, in order to comply with a court order, subpoena, or other request or demand in a separate litigation, a party is called upon to produce Confidential Disclosure Material that has been designated as such by another party under this Stipulation, the party so called upon shall give written notice to counsel for the party that made the designation and include a copy of the court order, subpoena, or other request or demand and to be given promptly after receipt of the court order, subpoena, or other request or demand, so as to if possible afford the designating party an opportunity to protect its legal interests by objecting to the production of such Confidential Disclosure Material, intervening in the litigation, or taking any other action that the designating party deems necessary in furtherance of that goal.

10. Notwithstanding anything contained in this Order, the designating party shall be solely responsible for asserting any objection or taking any other action with respect to the ordered or requested production of Confidential Disclosure Material, and nothing in this Order shall be construed as requiring any party to this Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

11. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

12. Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective Outside Counsel of the Producing Party or destroy such Material, at the option of the Producing Party.  For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned case with prejudice, including all appeals. All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective Outside Counsel of the Producing Party or destroyed.  Notwithstanding the provisions for return of Discovery Material, Outside Counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes.

13. The Parties agree to be bound by the terms of this Stipulation pending execution by the Court.

14. The United States District Courts for the Southern District of New York are responsible for

the interpretation and enforcement of this Order. All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Courts for the Southern District of New York.

15. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure and other applicable law and rules, or the Court's own orders. Identification of any individual pursuant to this Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure and other applicable law and rules, or the Court's own orders.

16. This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and facsimile and/or electronic signatures shall be deemed original signatures.

SO STIPULATED.

| **ARENTFOX SCHIFF LLP** | **BENESCH FRIEDLANDER COPLAN & ARONOFF LLP** |
|---|---|
| By: */s/ Hunter T. Carter* <br> Hunter T. Carter <br> 1301 Avenue of the Americas, <br> 42nd Floor <br> New York, NY 10019 <br> (212) 492-3297 <br> hunter.carter@afslaw.com | By:/s/*Kate Watson Moss* <br> Kate Watson Moss <br> 71 South Wacker Drive, Suite 1600 <br> Chicago, IL 60606 <br> (312) 624-6329 <br> KWatsonMoss@beneschlaw.com |
| *Attorney for Plaintiff Distribution Services of America, Inc.* | *Attorney for Defendant Allstate Insurance Company* |
| Dated:   June 17, 2024 <br>              New York, New York | Dated:   June 20, 2024 <br>              Chicago, Illinois |

SO ORDERED.

*[signature]*

CATHY SEIBEL, U.S.D.J.

Dated:   6/21/24

**EXHIBIT A**

**CERTIFICATION AND UNDERTAKING REGARDING CONFIDENTIAL DISCLOSURE MATERIAL**

I, hereby certify that I have received a copy of the Confidentiality Stipulation Order ("Order") in *Distribution Services of America, Inc. v. Allstate Insurance Company,* United States District Court, Southern District of New York, Case No. 7:23-cv-04635.

Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Signature: _____    Dated: _____

Name: _____